IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 18-cv-02508-MSK-SKC

**RONNIE DARNELL BUNCH,**

    Plaintiff,

v.

**SGT. SNOW;
OFFICER EVANS; and
OFFICER TRENERY,**

    Defendants.

---

**OPINION AND ORDER ON RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE DENYING MOTION TO AMEND AND
DENYING PENDING MOTIONS**

---

**THIS MATTER** comes before the Court pursuant to the July 21, 2020 Recommendation of the Magistrate Judge **(# 96)** that Mr. Bunch's Motion to Amend **(# 84)** be denied. No objections to the Recommendation were filed.

Also pending are Mr. Bunch's: (i) Motion to Appoint Counsel **(# 88)**, (ii) Motion for Status Update **(# 89)**, (iii) Motion to Enforce Due Process Clause **(# 90)**, and (iv) a Motion and Affidavit for Leave to Proceed on Appeal pursuant to 28 U.S.C. § 1915 **(# 94)**. The Defendants filed a combined response to these motions **(# 91)**, to which no reply was filed.

**BACKGROUND**

The Court assumes the reader's familiarity with the claims and underlying proceedings in this case. The Court recounted the facts in detail in its January 17, 2020 Order and Opinion granting the Defendants' motion for summary judgment and dismissing all claims asserted

1

against them and incorporates those facts herein. **(# 81)**. Thus, here, it is sufficient to note that this case arose out of a traffic stop that concluded with Mr. Bunch's arrest and immediate transport from the scene to the Aurora Jail where he was held on bond. Following Mr. Bunch's arrest, Officer Trenery arranged for Mr. Bunch's vehicle to be towed from the scene. The vehicle was impounded and sold at a public auction **(# 81)**.

Mr. Bunch's *pro se* Complaint brought three claims under 42 U.S.C. Section 1983 for violations of his 4th and 14th Amendment rights.[1] **(# 1)**. Mr. Bunch alleged that the Officers: (i) lacked reasonable suspicion for the initial stop in violation of his 4th Amendment rights; (ii) lacked probable cause for the arrest in violation of his 4th Amendment rights; and (iii) the towing and eventual sale of Mr. Bunch's vehicle violated his 14th Amendment rights to due process.

The Defendants filed a Motion for Summary Judgment **(# 46)**. Considering the parties' submissions, the Court issued its Opinion and Order granting the Defendants' motion. **(# 81)**. Relevant to the issues pending here, the Court determined whether the evidence presented was sufficient to show a 14th Amendment due process violation.[2] Noting that the burden was on Mr. Bunch to show both that he was deprived of a protected liberty or property right, and that procedural protections warranted by that right were not properly observed, the Court liberally construed his arguments and evidence. The Court found that the evidence was insufficient to

---

[1]  Mr. Bunch initiated this case without the assistance of an attorney. Accordingly, the Court reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Bunch's filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Indeed, although he is not represented by counsel, Mr. Bunch must still comply with procedural rules and satisfy substantive law to be entitled to relief. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008).

[2]  Mr. Bunch's pending motion to amend does not implicate his original claims brought pursuant to the 4th Amendment. Thus, the Court will not address them here.

establish that the Defendant Officers were personally involved in the impoundment and/or sale of his vehicle or that the City of Aurora had a municipal policy or custom that was the moving force behind the impoundment and sale of the vehicle. Accordingly, Officer Evans[3], Officer Trenery, and Officer Snow were entitled to summary judgment. **(# 81)**. On January 17, 2020, Final Judgment issued in favor of the Defendants and the case was closed. **(# 82)**. On February 3, 2020[4], Mr. Bunch filed both a motion for leave to file an amended complaint and a proposed amendment. **(# 84, # 86)**.

## DISCUSSION

### A. Motion to Amend

Presumably in response to the Court's January 17, 2020 Order and Opinion granting the Defendants' motion for summary judgment and entry of final judgment, Mr. Bunch moved **(#84)** to amend his verified Prisoner Complaint **(# 1)** to assert one claim sounding in a 14th Amendment deprivation of property without due process related to the impoundment and eventual sale of his vehicle and to add two new Defendants, the Aurora Police Department Vehicle Impound Detail ("Impound Detail") and M&M Reconditioning, Inc., Towing ("M&M"). **(# 86)**. Specifically, the proposed amendment alleges that following the arrest, Officers Trenery and Snow improperly failed to place Mr. Bunch's vehicle on a "police hold" and instead

---

[3] Officer Evans was not on duty on the dates of the domestic dispute or the traffic stop and arrest. Thus, summary judgment was granted in his favor for failure to demonstrate his personal participation in the alleged constitutional deprivations. **(# 81)**.

[4] The Court received Mr. Bunch's Motion to Amend and the proposed amended pleading on February 19, 2020. However, the prison mailbox rule treats the filing date as the date on which a prisoner gives legal filings to prison staff for mailing. *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (extending the prison mailbox rule to complaints filed under 42 U.S.C. § 1983). The documents indicate that prison staff received and mailed them on February 3, 2020. **(# 84 at 4, # 86 at 8)**.

3

"confiscated [it] to keep it in storage at M&M where it would accumulate excessive fees." **(# 86 at 5)**.  It further alleges that the Impound Detail then authorized the vehicle to be sold at public auction.  **(# 86 at 5)**.

The Court referred Mr. Bunch's motion to amend to the Magistrate Judge for a Recommendation.  On July 21, 2020, the Magistrate Judge issued a Recommendation **(# 96)** that the motion to amend be denied.  Because a Final Judgment had previously been entered in this case, the Magistrate Judge correctly construed the motion to amend as a timely motion for reconsideration under Fed. R. Civ. P. 59(e)[5], noting Fed. R. Civ. P. 15(a) "provides that courts should freely give leave [to amend] when justice so requires.  However, once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."  **(# 96 at 3) (citing *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir**. **1985)**.

The Magistrate Judge accurately stated that relief under Rule 59(e) is reserved for extraordinary circumstances, and is not an opportunity to re-argue issues already addressed or to advance arguments that could have been raised in prior briefing.  Relief is appropriate only when there has been an intervening change in the controlling law, where previously-unavailable evidence has been discovered, or where there is a need to prevent manifest injustice because the court has misapprehended the facts, a party's position, or the controlling law.  *Burke v. Bigelow*, 792 F'Appx. 562 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

---

[5]   Mr. Bunch's motion to amend was filed within 28 days of the entry of Final Judgment. *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2007) (a motion "will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e)").

Giving Mr. Bunch's motion a generous reading, the Magistrate Judge understood it to address the Order and Opinion Granting Summary Judgment's finding that Mr. Bunch failed to put forth evidence showing who impounded the vehicle and eventually authorized it for sale at public auction. Mr. Bunch seeks to allege that M&M towed and stored his vehicle, allowing it to accrue excessive fees while the Impound Unit sent him notice of the impoundment and ultimately authorized the sale of his vehicle at public auction. **(# 96 at 5-6)**. The Magistrate Judge rejected Mr. Bunch's allegations because they do not involve previously unavailable evidence, and Mr. Bunch has long been aware of these facts as evidenced below:

> Plaintiff received a copy of the police report and body camera footage (upon which Defendants' summary judgment motion was based) on May 25, 2017. [#56 at p.5.] In the police report, there is evidence that M&M towed and stored Plaintiff's vehicle. [#46-1 at pp. 25.] Plaintiff acknowledged as much in his previous filings. [#44 at p.2 and #56 at p.3.] Thus, to the extent Plaintiff wished to name M&M as a Defendant, he already had access to this evidence and should have raised his arguments or moved to amend before the judgment issued. *Bldg. & Const. Trades Dept., AFL-CIO*, 758 F. Supp. at 1429. The police report also includes a letter from Impound Detail informing Plaintiff that his vehicle would be sold if it was not claimed within 30 days and any accrued fees were not paid. [Id. at p.44.] Consequently, Plaintiff was also aware of Impound Detail's involvement before judgment entered.

**(# 96 at 6)**.

Additionally, as to the proposed claim against the Impound Detail, which is construed as a claim against the City of Aurora, the Recommendation found that Mr. Bunch failed to describe any newly discovered evidence of an official policy or custom that caused his injury. Following the reasoning in the Opinion and Order Granting Summary Judgment, the Recommendation concluded that Mr. Bunch also failed to proffer any newly discovered evidence establishing that either Officer Trenery or Officer Snow was individually responsible for impounding or authorizing the sale of his vehicle. Thus, the Recommendation found no grounds to set aside the Judgment. **(# 96 at 6-7)**.

5

Under Rule 72, written objections may be filed up to fourteen (14) days after service of a copy of the Recommendation.  Here, Mr. Bunch filed no objections; thus, the Court is vested with discretion to review the Recommendation "under any standard it deems  appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Here the Court reviews the Recommendation to "satisfy itself that there is no clear error on the face of the record . . . ."  Fed. R. Civ. P. 72(b) Advisory Committee Notes.  Finding no clear error in the Recommendation's findings or reasoning, the Court adopts it and denies Mr. Bunch's motion to amend.

### B.  Remaining Pending Motions filed by Mr. Bunch

The remaining motions filed by Mr. Bunch are: (i) a Motion to Appoint Counsel **(# 88)**, (ii) a Motion for Status Update **(# 89)**, (iii) a Motion to Enforce Due Process Clause **(# 90)**, and (iv) a Motion and Affidavit for Leave to Proceed on Appeal pursuant to 28 U.S.C. § 1915 **(# 94)**.

### Motion to Appoint Counsel

In this motion, Mr. Bunch requests the appointment of counsel to represent him in connection with the 14th Amendment claim asserted in his proposed amended complaint.  **(# 88)**. However, given the Court's decision to deny Mr. Bunch's motion for leave to amend, this motion is denied as moot.

### Motion for Status Update

Here, Mr. Bunch requests a status on his motion for leave to amend.  **(# 89)**.  This motion is granted insofar as Mr. Bunch is advised that this Opinion and Order denies his motion for leave to amend, that final judgment has entered in favor of the Defendants, and this case remains closed.

**Motion to Enforce Due Process Clause**

The Court understands this motion to re-assert Mr. Bunch's claim for a 14th Amendment deprivation of due process in connection to the impoundment and sale of his vehicle. **(# 90)**. Since the Court granted summary judgment as to this claim and, at that time denied Mr. Bunch's motion to amend his complaint, this motion is denied as moot.

**Motion and Affidavit for Leave to Proceed on Appeal pursuant to 28 U.S.C. § 1915**

Mr. Bunch requests leave to proceed on appeal without prepayment of fees or security. **(#94)**. However, Mr. Bunch has not filed a Notice of Appeal. Indeed, on May 20, 2020, the Court denied Mr. Bunch's motion for extension of time to file his Notice of Appeal as untimely pursuant to Fed. R. App. P. 4(a)(5). **(# 95)**. Thus, Mr. Bunch's request to proceed on appeal without prepayment of fees is also denied as moot.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Recommendation of the Magistrate Judge **(# 96)**. Mr. Bunch's Motion to Amend **(# 84)** is **DENIED,** as are his Motions to Appoint Counsel **(# 88),** to Enforce Due Process Clause **(# 90)**, and for Leave to Proceed on Appeal pursuant to 28 U.S.C. § 1915 **(# 94).** His Motion for Status Update **(# 89)** is **GRANTED** as explained herein.

Dated this 30th day of September, 2020.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
Senior United States District Judge